## The United States, *vs.* Lewis B. Morgan.

### *Certiorari to Jefferson.*

On an indictment for purjury, in taking the oath of bankruptcy, it is too indefinite to charge generally that the defendant committed purjury in falsely swearing to his schedule. It should be charged in what particular the purjury consisted.

At the April term, 1843, of the District Court for the county of Jefferson, (which court was setting as a Circuit and District Court of the United States) Lewis B. Morgan was indicted for purjury. The indictment is as follows:

"The grand jurors for the United States, duly empannelled and sworn to equire in and for the body of the county of Jefferson, at a District Court of the United States, begun and held for said county, on Monday the 3d of April, 1843, on their oaths present, that Lewis B. Morgan, at the county aforesaid, on or about the 18th July, 1842, filed his petition in bankruptcy in and before said court, sitting in bankruptcy

as a District Court of the United States, praying to be declared a bankrupt, and dealt with accordingly. To which said petition a schedule was annexed as part of the same, purporting to set forth to the best of the knowledge and belief of the said Morgan, a list of his creditors ; their respective places of residence, and the amount due by the said Morgan to each of them, together with a pretended accurate inventory of the property, rights and credits of said Morgan, of every name and description, and the location and situation of each and every parcel and portion thereof; his the said Morgan's wearing apparel and that of his wife and children excepted. Which said petition being produced before John A. Pitzer, the clerk of the District Court aforesaid, he the said Morgan did corruptly and falsely swear on his oath, that the said petition was true, and the said schedule correct, to the best of his knowledge and belief. Which said oath was reduced to writing and signed by the said Morgan, and attested by the said Pitzer, clerk as aforesaid, who had before that time been duly appointed commissioner in bankruptcy, by said court, and was authorized to administer oaths. And the said schedule annexed to said petition was not correct to the best knowledge and belief of the said Morgan, but was false and incorrect. And so the jury aforesaid, on their oaths aforesaid, do say that the said Morgan, in manner and form aforesaid, did commit wilful and corrupt purjury, and did falsely and corruptly swear before the said commissioner in the said proceedings, against the peace and dignity of the United States and contrary to the form of the statute in such case made and provided."

To this indictment a demurrer was filed, which was sustained by the court. The sustaining of the demurrer is the error assigned.

L. D. STOCKTON, district prosecutor, for plaintiff.

HALL & SHUFFLETON, for defendant.

PER CURIAM, WILSON, JUSTICE.—The technicality and precision required at one period by the courts of England having been found to operate as a denial of justice, were abandoned by those courts and the courts of this county have gone still farther in simplifying and abbreviating the forms in criminal proceedings. Nothing farther is now required, than a plain statement of the accusation ; a setting forth of those matters in which the guilt of the accused is alleged to consist.— The indictment should apprize the defendant of what he is called upon to answer. In going thus far, courts have but followed the light of reason, but were they to go farther than this and say that an indictment

is sufficient which does not set forth the circumstances in which the guilt of the accused consists, evils would follow far greater than those which resulted from the decisions of the English courts when they went into the opposite extreme. Does the indictment in this case set forth sufficient to enable the defendant to prepare his defence? We think it does not. The only assignment of purjury is, that the schedule was false and incorrect. This is too general; too uncertain. It should have set forth wherein the schedule was false and incorrect. The indictment sets forth that " the defendant filed with his petition, as part of the same, a schedule purporting to set forth to the best of his knowledge and belief, a list of his creditors, their respective places of residence and the amount due by the said Morgan to each of them, together with a pretended accurate inventory of the property rights and credits of said Morgan of every name, kind and description, and the location and situation of each and every parcel and portion thereof, his the said Morgan's wearing apparel and that of his wife and children excepted." It further sets forth " that said Morgan appeared before John A. Pitzer the clerk of the District Court aforesaid and did falsely and corruptly swear that said petition was true according to the best of his knowledge and belief, whereas in truth and in fact said schedule was false and incorrect." Did the falsehood consist in, first, leaving out some of his creditors, if so, who were the persons omitted? or, secondly, did it set forth certain persons as creditors who were not really so, if so, who were they? or, thirdly, did it incorrectly set forth the place of abode of the persons represented as creditors? or, fourthly, was the amount alleged to be due to all or any one of them incorrect? or, fifthly, was the inventory of the property, rights and credits of said Morgan incorrect in amount? or, sixthly, in the location of such property, rights or credits? or, seventhly, in the description of them? or, eighthly, was the inventory of his wearing apparel and that of his children and family false and incorrect?

To require a defendant to stand prepared at all of these points upon this indictment would be unjust and oppressive in the extreme. We think the indictment cannot by sustained.

Judgment below affirmed.